UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Criminal Case No. 17-20515
                                              Honorable Linda V. Parker

TREVOR HAYWARD,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Trevor Hayward is serving a 78-month sentence after pleading guilty pursuant to a Rule 11 Plea Agreement to one count of Intent to View Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  The Court sentenced Defendant on November 28, 2018 and a Judgment was entered December 11, 2018.  On May 14, 2020, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c).  (ECF No. 51.)  The Government filed a response to the motion on May 21, 2020.  (ECF No. 54.)

Defendant seeks compassionate release in light of the novel coronavirus (COVID-19).  It is widely acknowledged, based on expert guidance, that there is a greater risk of COVID-19 infection for incarcerated individuals and a particular risk of serious outcomes for infected individuals who are sixty years of age or

older or who have certain underlying medical conditions. Defendant, who is forty-five years old, claims to be at heightened risk of developing severe health complications if he contracts COVID-19 because he has only twenty-five percent of his left lung due to a self-inflicted gunshot wound. FCI Elkton, where Defendant is incarcerated, has seen an outbreak of coronavirus and nine inmate deaths from the virus. *See https://www.bop.gov/coronavirus/* (last visited June 15, 2020).

A defendant may move for compassionate release under § 3582(c)(1)(A).[1] Under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990) (concluding that the burden of proving facts that could decrease a potential sentence fall upon the defendant); *see also  United States v.*

---

[1] A defendant must exhaust available administrative remedies before moving in the federal court for relief. 18 U.S.C. § 3582(c)(1)(A). Defendant indicates that he has satisfied the exhaustion requirement and the Government does not dispute this assertion.

*Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

In the present case, Defendant has not satisfied this burden. Defendant presents no evidence supporting his claim that he is missing a large portion of his left lung or that this condition places him at heightened risk of a severe outcome if he contracts COVID-19. For this reason, the Court finds it unnecessary to determine whether the factors in § 3553(a) support his release. The Court also will not unnecessarily opine on whether it has jurisdiction to order home confinement.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 17, 2020