UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     Criminal Case No. 17-20515
                                                                     Honorable Linda V. Parker

TREVOR HAYWARD,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE

Defendant Trevor Hayward is serving a 78-month sentence after pleading guilty pursuant to a Rule 11 Plea Agreement to one count of Intent to View Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  The Court sentenced Defendant on November 28, 2018 and a Judgment was entered December 11, 2018.  Defendant previously filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) (ECF No. 51), which this Court denied on June 17, 2020 (ECF No. 56).  Defendant filed a renewed motion for compassionate release on September 23, 2020, which he labels as an emergency motion.  (ECF No. 57.)  In the motion, Defendant alternatively "requests language from this Court opining on whether the Bureau of Prisons should consider release.  (*Id.*)  The Government opposes Defendant's requests.  (ECF No. 62.)

The Court denied Defendant's first motion for compassionate release because he failed to satisfy the burden of showing that his medical condition placed him at heightened risk of a severe outcome if he contracts COVID-19. Defendant has done nothing more to satisfy his burden in his renewed motion. "Courts have consistently held that 'the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot justify compassionate release." *United States v. Alqsous*, No. 1:16-cr-329-2, 2020 WL 3402861, at *5 (N.D. Ohio 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Moreover, the Court finds that Defendant's release poses a danger to society. U.S.S.G. § 1B1.13(2). Defendant's current conviction arose from the live video stream of an eight-year old girl exposing her genitals. An examination of Defendant's computer uncovered twelve videos of child pornography.

For these reasons, the Court concludes that Defendant should not be released pursuant to 18 U.S.C. § 3582(c)(1)(A) and it **DENIES** his motion (ECF No. 57). The Court therefore also denies Defendant's request for language opining on how the Bureau of Prisons should handle his case.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 2, 2020